IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------- x
FREEPLAY MUSIC LLC,

    *Plaintiff*,

    -against-

SPORTSBRAND MEDIA GROUP, NBA TV
LLC, TURNER SPORTS, INC., TURNER
BROADCASTING SYSTEM, INC. AND
NATIONAL BASKETBALL
ASSOCIATION, INC.,

    *Defendants.*
------------------------------------------- x

Civ. No. 1:10-CV- 0635 (SAS/HBP)

**ANSWER**

    Defendant Sportsbrand Media Group ("SMG") responds to plaintiff's Complaint (the "Complaint") as follows (the numbered paragraphs below correspond to those appearing in the Complaint).

    1.    SMG admits that the Complaint attempts to allege a claim for copyright infringement but denies the remaining allegations in Paragraph 1 of the Complaint.

    2.    SMG admits the Court has subject matter jurisdiction but denies the remaining allegations in Paragraph 2 of the Complaint.

    3.    SMG admits the Court has personal jurisdiction over this defendant. SMG is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 3 of the Complaint and therefore denies the same.

    4.    SMG admits that venue as to this defendant is proper in the Southern District of New York.

    5.    SMG is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5 of the Complaint and therefore denies the same.

6.  SMG admits that Sportsbrand Media Group is a registered business name of Sportsbrand Media Australasia Pty Ltd.

7.  SMG is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 of the Complaint and therefore denies the same.

8.  SMG is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 of the Complaint and therefore denies the same.

9.  SMG is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 of the Complaint and therefore denies the same.

10. SMG is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 of the Complaint and therefore denies the same.

11. SMG is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 of the Complaint and therefore denies the same.

12. SMG is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12 of the Complaint and therefore denies the same.

13. SMG is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 of the Complaint and therefore denies the same.

14. SMG admits that it is a media production company that specializes in sports related programming and also admits that it entered into a license agreement with Freeplay Music LLC ("Freeplay") on or about April 15, 2003.  SMG denies the remaining allegations in Paragraph 14 of the Complaint.

15. SMG is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 of the Complaint and therefore denies the same.

16. SMG admits that it created and produced, outside of the United States, a television program for the National Basketball Association called FIBA World Basketball. SMG denies the remaining allegations in Paragraph 16 of the Complaint.

17. SMG denies the allegations in Paragraph 17 of the Complaint.

18. SMG denies that it caused any songs to be broadcast. SMG is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 18 of the Complaint and therefore denies the same.

19. SMG denies that it caused any songs to be broadcast. SMG is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 19 of the Complaint and therefore denies the same.

20. SMG denies that it caused any songs to be broadcast. SMG is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 20 of the Complaint and therefore denies the same.

21. SMG denies that it caused any songs to be broadcast. SMG is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 21 of the Complaint and therefore denies the same.

22. SMG denies that it caused any songs to be broadcast. SMG is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 22 of the Complaint and therefore denies the same.

23. SMG denies that it caused any songs to be broadcast. SMG is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 23 of the Complaint and therefore denies the same.

24. SMG denies that it caused any songs to be broadcast. SMG is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 24 of the Complaint and therefore denies the same.

25. SMG denies that it caused any songs to be broadcast. SMG is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 25 of the Complaint and therefore denies the same.

26. SMG denies that it caused any songs to be broadcast. SMG is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 26 of the Complaint and therefore denies the same.

27. SMG denies that it caused any songs to be broadcast. SMG is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 27 of the Complaint and therefore denies the same.

28. SMG denies that it caused any songs to be broadcast. SMG is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 28 of the Complaint and therefore denies the same.

29. SMG denies that it caused any songs to be broadcast. SMG is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 29 of the Complaint and therefore denies the same.

30. SMG denies that it caused any songs to be broadcast. SMG is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 30 of the Complaint and therefore denies the same.

31. SMG denies that it caused any songs to be broadcast. SMG is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 31 of the Complaint and therefore denies the same.

32. SMG denies that it caused any songs to be broadcast. SMG is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 32 of the Complaint and therefore denies the same.

33. SMG denies the allegations in Paragraph 33 of the Complaint.

34. SMG admits that in November 2008, Freeplay sent an email to an individual who was not an SMG employee and further states that the email speaks for itself. SMG denies the remaining allegations in Paragraph 34 of the Complaint.

35. SMG admits that this Court has personal jurisdiction over this defendant but denies the remaining allegations in Paragraph 35 of the Complaint.

36. SMG denies the allegations in Paragraph 36 of the Complaint.

## CAUSES OF ACTION AGAINST ALL DEFENDANTS
## (FEDERAL COPYRIGHT INFRINGEMENT)

37. SMG incorporates Paragraphs 1-36 by reference as if fully set forth herein. SMG denies the allegations in Paragraph 37 of the Complaint.

SMG denies the allegations in the "WHEREFORE" Paragraph of the Complaint.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Plaintiff's claims are barred by the doctrines of unclean hands, laches, acquiescence, waiver and estoppel.

**Third Affirmative Defense**

      Plaintiff's claims are barred by the statute of limitations.

**Fourth Affirmative Defense**

      Plaintiff lacks standing.

**Fifth Affirmative Defense**

      Plaintiff does not own or control the rights giving rise to the claims purportedly raised in the Complaint.

**Sixth Affirmative Defense**

      Plaintiff's claims are barred in whole or in part to the extent it seeks to claim copyright or other intellectual property rights as to works that are in the public domain and therefore not protected.

**Seventh Affirmative Defense**

      Any injury that Plaintiff may have allegedly suffered is a result of independent acts taken by third parties for which SMG is not responsible.

**Eighth Affirmative Defense**

      Plaintiff's claims are barred by license and consent.

**Ninth Affirmative Defense**

      Plaintiff's claims are barred by the doctrine of fair use.

**Tenth Affirmative Defense**

      Plaintiff's claims for damages are excessive and thus barred by the U.S. Constitution.

**Eleventh Affirmative Defense**

      Plaintiff's claims are barred for lack of subject matter jurisdiction to the extent Plaintiff lacks valid registrations of copyrights alleged in the Complaint.

**Twelfth Affirmative Defense**

      Plaintiff's claims are barred to the extent it has caused fraud upon the Copyright Office.

**Thirteenth Affirmative Defense**

      Plaintiff's claims are barred by its failure to mitigate damages.

**Fourteenth Affirmative Defense**

Plaintiff's claims are barred to the extent it has forfeited or abandoned copyright.

Wherefore, SMG prays for relief as follows:

1. Plaintiff's Complaint be dismissed with prejudice;

2. The Court deny all relief requested by Plaintiff;

3. The Court issue judgment awarding to SMG its costs of suit incurred in this action including attorneys' fees; and

4. The Court grant SMG such further relief to which it may be entitled.

Dated: April 30, 2010.                    Respectfully submitted,

                                          FULBRIGHT & JAWORSKI L.L.P.


                                          _____
                                          Mark N. Mutterperl
                                          666 Fifth Avenue, 31st Floor
                                          New York, New York 10103
                                          Telephone: (212) 318-3000
                                          Facsimile: (212) 318-3400

                                          *Attorneys for Defendant*
                                          *SPORTSBRAND MEDIA GROUP*

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2010, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

_____
Mark N. Mutterperl