UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
FREEPLAY MUSIC L.L.C.,                 : Index No. 10 Civ. 0635 (SAS/HBP)
                                                :
                       Plaintiff,        :
                                                  :
       -against-                        :
                                                : **ANSWER**
SPORTSBRAND MEDIA GROUP, NBA TV L.L.C.,    :
TURNER SPORTS, INC. TURNER BROADCASTING    :
SYSTEM, INC. and NATIONAL BASKETBALL         :
ASSOCIATION, INC.                                :
                                                :
                             Defendants.       :
------------------------------------------------------------------------x

          Defendants NBA TV L.L.C. and NATIONAL BASKETBALL

ASSOCIATION, INC.[1] (collectively referred to as the "NBA")  and TURNER SPORTS,

INC. and TURNER BROADCASTING SYSTEM, INC. (collectively referred to as

"Turner") through their attorneys, Gage Spencer & Fleming LLP, for their answer to the

Complaint, respond as follows:

## NATURE OF ACTION

         1.        The NBA and Turner Defendants admit that the Complaint

purports to assert claims arising under the Copyright Law of the United States.  Except as

expressly admitted herein, the NBA and Turner Defendants deny the allegations in

Paragraph 1.

## JURISDICTION AND VENUE

         2.        The NBA and Turner Defendants assert that Paragraph 2 asserts

legal conclusions for which no responsive pleading is required.  The NBA and Turner

---

[1]       The "National Basketball Association, Inc." does not exist and therefore is erroneously named as a defendant in this action.  Given the nature of the allegations in the Complaint, we believe Plaintiff Freeplay Music L.L.C. intended to name NBA Properties, Inc. as a defendant.

Defendants admit that the Complaint purports to assert claims arising under the Copyright Law of the United States.

      3.    The NBA and Turner Defendants assert that Paragraph 3 asserts legal conclusions for which no responsive pleading is required.

      4.    The NBA and Turner Defendants assert that Paragraph 4 asserts legal conclusions for which no responsive pleading is required.

## THE PARTIES

      5.    The NBA and Turner Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 5 and on that basis deny.

      6.    The NBA and Turner Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 6 and on that basis deny.

      7.    The NBA and Turner Defendants deny the allegations in Paragraph 7.

      8.    The NBA and Turner Defendants admit the allegations in Paragraph 8.

      9.    The NBA and Turner Defendants deny the allegations in Paragraph 9.

      10.    The NBA and Turner Defendants deny the allegations in Paragraph 10 and note that the "National Basketball Association, Inc." does not exist.

## ALLEGATIONS COMMON TO ALL COUNTS

11.     The NBA and Turner Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 11 and on that basis deny.

12.     The NBA and Turner Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 12 and on that basis deny.

13.     The NBA and Turner Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 13 and on that basis deny.

14.     The NBA and Turner Defendants are without sufficient information to form a belief as to the truth of the allegations made in Paragraph 14 regarding Sportsbrand Media Group (hereinafter "Sportsbrand") and on that basis deny. Deny all other allegations in Paragraph 14.

15.     Deny the allegations in Paragraph 15.

16.     Deny the allegations in Paragraph 16.

17.     The NBA and Turner Defendants are without sufficient information to form a belief as to the truth of the allegations made in Paragraph 17 regarding Sportsbrand and on that basis deny.  Deny all other allegations in Paragraph 17.

18.     Deny the allegations in Paragraph 18.

19.     Deny the allegations in Paragraph 19.

20.     Deny the allegations in Paragraph 20.

21.     Deny the allegations in Paragraph 21.

22.    Deny the allegations in Paragraph 22.

23.    Deny the allegations in Paragraph 23.

24.    Deny the allegations in Paragraph 24.

25.    Deny the allegations in Paragraph 25.

26.    Deny the allegations in Paragraph 26.

27.    Deny the allegations in Paragraph 27.

28.    Deny the allegations in Paragraph 28.

29.    Deny the allegations in Paragraph 29.

30.    Deny the allegations in Paragraph 30.

31.    Deny the allegations in Paragraph 31.

32.    Deny the allegations in Paragraph 32.

33.    Deny the allegations in Paragraph 33.

34.    The NBA and Turner Defendants are without sufficient information to form a belief as to the truth of the allegations made in Paragraph 34 regarding Sportsbrand and on that basis deny.   Deny all other allegations in Paragraph 34.

35.    Deny the allegations set forth in Paragraph 35.

36.    Deny the allegations set forth in Paragraph 36.

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

### (FEDERAL COPYRIGHT INFRINGEMENT)

37.    The NBA and Turner Defendants incorporate their responses to the allegations of Paragraph 1 through 36 above as if fully set forth herein.  Deny all other

allegations in Paragraph 37 or that Plaintiff is entitled to any of the relief prayed for in the Complaint and/or any other relief from the Court.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

38.   The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (License)

39.   The Plaintiff's claims are barred because the NBA and Turner Defendants' conduct is authorized pursuant to an express and/or implied license.

### THIRD AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

40.   Plaintiff's claims are barred by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

#### (Laches)

Plaintiff's claims are barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

#### (Lack of Standing)

42.   Plaintiff lacks standing to pursue claims asserted in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

#### (Lack of Ownership)

43.   Plaintiff is neither the legal nor beneficial owner of the copyrights it alleges are at issue.

SEVENTH AFFIRMATIVE DEFENSE

(Abandonment)

44.    Plaintiff has abandoned any ownership they may have had in any copyright at issue in this action.

EIGHTH AFFIRMATIVE DEFENSE

(Statute of Frauds)

45.    Plaintiff's claims are barred by the doctrine of the statute of frauds including 17 U.S.C. § 204, to the extent that they rely on any unwritten transfer, license, or assignment of any rights.

NINTH AFFIRMATIVE DEFENSE

(Failure to Register)

46.    Plaintiff asserts copyrights that have not been validly and/or timely registered.

TENTH AFFIRMATIVE DEFENSE

(Invalid Copyright)

47.    Plaintiff's alleged copyrights have expired or are invalid.

EVEVENTH AFFIRMATIVE DEFENSE

(No Vicarious Liability or Contributory Infringement)

48.    The NBA and Turner Defendants are not liable under any theory of vicarious liability or contributory infringement.

## TWELFTH AFFIRMATIVE DEFENSE

### (Fair Use, Free Speech, and Public Domain)

49.    Any allegedly infringing use of Plaintiff's works constituted fair use and/or free speech, and Plaintiff's claims are barred in whole or in part to the extent it seeks to claim copyright or other intellectual property rights as to works that are in the public domain and therefore not protected.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (De Minimis Use)

50.    Any allegedly infringing use of Plaintiff's works did not rise to the level of an infringing use but constituted a _de minimus_ use.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Ephemeral Use)

51.    Any allegedly infringing use of Plaintiff's works constituted an ephemeral use.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Ratification)

52.    Plaintiff's claims are barred by the doctrine of ratification.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

53.    Plaintiff's claims are barred by the doctrine of waiver.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Authorization)

54.  The NBA and Turner Defendants were authorized to engage in the allegedly infringing conduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands and Misuse of Copyright)

55.  Plaintiff has engaged in unclean hands and/or misuse of copyright.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Join a Party)

56.  Plaintiff has failed to join parties indispensable under Fed. R. Civ. P. 19.

## TWENTITH AFFIRMATIVE DEFENSE

### (Improper Party)

57.  The "National Basketball Association, Inc." does not exist and therefore has been erroneously named as a defendant in this action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

58.  To the extent that Plaintiff suffered any damages, which the NBA and Turner expressly deny, Plaintiff failed to take reasonable steps to mitigate those purported damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Innocent Infringement)

59. If the NBA and Turner Defendants have infringed any copyright interest held by Plaintiff, which the NBA and Turner expressly deny, they did so without knowledge or intent.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

60. Plaintiff's claims are barred by the doctrine of equitable estoppel.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Actions of Others)

61. The NBA and Turner Defendants allege on information and belief that any and all damages allegedly sustained by Plaintiff were proximately caused by, contributed to, and otherwise due to, in whole or in part, the conduct, acts, and/or omissions of parties other than the NBA and Turner. In the event that it is found that Plaintiff is entitled to recover any amount from the NBA and/or Turner, which the NBA and Turner expressly deny, the amount of recovery must be off-set by the amount of damages attributable to the acts and omissions of parties other than the NBA and Turner.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Telecasting)

62. The NBA and Turner Defendants did not violate Plaintiff's copyrights by telecasting allegedly infringing materials created and supplied by others.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Reservation)

63.    The NBA and Turner Defendants reserve the right to allege other affirmative defenses as they become known during the course of discovery, and hereby specifically reserve the right to amend their answer to allege said affirmative defenses at such time as they become known.

## CROSS-CLAIM AGAINST DEFENDANT SPORTSBRAND MEDIA GROUP

### AS AND FOR A FIRST CROSS-CLAIM AGAINST SPORTSBRAND MEDIA GROUP

### (Indemnification)

64.    NBA Properties, Inc., through its division NBA Entertainment, ("NBAP" or the "Licensee") entered into a written license agreement with Defendant Sportsbrand (the "Licensor") in connection with the FIBA World Basketball program (hereinafter the "License Agreement").  Among other things, the License Agreement provided that the transmission and promotional rights granted under the License Agreement could be sublicensed by NBAP to other NBA entities, including, without limitation, NBA TV L.L.C.

65.    In the License Agreement, Defendant Sportsbrand represented and warranted that, inter alia, it "has obtained all necessary clearances and licenses in connection with all rights necessary for Licensee's exercise of the rights granted hereunder, and there are no third party consents or payments due to any third party required for Licensee's exercise of such rights."

66.    The License Agreement further provided that "Licensor shall indemnify and hold Licensee harmless from and against any actions, proceedings, claims,

damages and liabilities, cost and expenses, including reasonable counsel fees arising from any breach by Licensor of any of its undertaking, warranties or obligations under this agreement."

> 67.   To the extent that Defendant Sportsbrand failed to obtain all necessary clearances and licenses, obtain third party consents, and/or make third party payments as required by the License Agreement and that failure has resulted in, inter alia, copyright violations, Defendant Sportsbrand is liable to indemnify and hold harmless NBAP, the NBA and Turner.

### <u>PRAYER FOR RELIEF</u>

> WHEREFORE, Defendants NBA TV L.L.C., NATIONAL BASKETBALL ASSOCIATION, INC., TURNER SPORTS, INC. and TURNER BROADCASTING SYSTEM, INC. pray as follows:

1) That the Complaint be dismissed with prejudice;

2) That Plaintiff take nothing by the Complaint;

3) That, in the event that the Complaint is not dismissed with prejudice, the Cross-Claim against Sportsbrand be granted;

4) That the NBA and Turner Defendants be awarded their costs of suit in this matter including reasonable attorneys' fees; and

5) That the NBA and Turner Defendants be awarded such other relief as

the Court deems just and proper.

Dated: New York, New York
       April 30, 2010

                           Respectfully submitted,

                           NBA TV L.L.C., TURNER SPORTS, INC.,
                           TURNER BROADCASTING
                           SYSTEM, INC. and the NATIONAL
                           BASKETBALL ASSOCIATION, INC.

                           By their attorneys,

                           G. Robert Gage, Jr.
                           Laura-Michelle Horgan
                           GAGE SPENCER & FLEMING LLP

                           410 Park Avenue
                           New York, New York 10022
                           Tel.: (212) 768-4900
                           Facsimile: (212) 768-3629

To:     Christopher Serbagi, Esq.
        LAW OFFICES OF CHRISTOPHER SERBAGI
        488 Madison Avenue, Suite 1120
        New York, New York 10022
        Tel: (212) 593-2112
        Fax: (212) 308-8582

        *Attorneys for Plaintiff*
        FREEPLAY MUSIC L.L.C.

        Mark Mutterperl, Esq.
        FULBRIGHT & JAWORSKI L.L.P.
        666 Fifth Avenue
        New York, New York 10103
        Tel: (212) 318-3000
        Fax: (212) 318-3400

        *Attorneys for Defendant*
        Sportsbrand Media Group

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2010, I electronically filed the foregoing Answer with the Clerk of Court using the ECF system which will send notification of such filing via electronic mail to all counsel of record.

Laura-Michelle Horgan